## The Second and Third Street Passenger Railway Company *versus* The City of Philadelphia.

1. A railway company was bound by its charter to pay to the city a tax on the excess of dividends above six *per cent. per annum*. *Held*, that the basis on which the estimate of tax was to be made was the capital actually paid in, not the cost of the road nor the authorized capital.

2. Where, by a mutual mistake between payer and receiver, the whole sum has not been paid, or too much has been received, interest is not recoverable on the sum so withheld or received, unless it has been done unjustly.

3. After demand and refusal to pay such sum, interest is payable from the demand; if there were concealments or design to mislead and withhold interest, interest would be recoverable for all the time.

4. In receiving tax on dividends from a railway company, the city authorities, as well as the company, treated the authorized capital as the basis of calculation; this having occurred by a mutual mistake:—*Held*, that the company was not liable for interest on the amount underpaid until demand.

CERTIFICATE from the *Nisi Prius.*

This was an action of debt by the City of Philadelphia against the Second and Third Street Passenger Railway Company, to recover the amount claimed to be due the city as tax on dividends for the years 1861 and 1862.

The claim is under the third section of the company's charter of April 10th 1858. The section is: "Whenever the said company shall declare dividends exceeding the rate of six per centum per annum in addition to any tax imposed by general laws of their capital stock, they shall pay into the treasury of the city of Philadelphia, for the use of the said city, a tax of six per centum per annum on the excess of dividends above said rate of six per centum per annum."

The authorized capital of the company was $500,000. The capital paid in was $203,757.27. The cost of the road and equipment in 1861 was $439,980, and in 1862 it was $463,198.27. In 1861 the company declared a dividend amounting to $45,000, being 9 per cent. on the authorized capital, and being $32,774.57 in excess of 6 per cent. on the capital paid in. In 1862 they declared a dividend amounting to $50,000, being 10 per cent. on the authorized capital, and $37,774.57 in excess of 6 per cent. on the capital paid in. The amount upon which the tax to the city was to be estimated was treated in those years as the excess above 6 per cent. on the *authorized capital*, and accordingly the company paid to the city treasurer in 1861 the sum of $900, and in 1862 the sum of $1200, and received from him receipts for those sums in full for the tax of those years respectively. The company gave in evidence on the trial their settlement with the auditor-general, calculating the tax due the Commonwealth for 1861 on a dividend of 9 per cent. on $500,000.

1 P. F. SMITH—30

[Passenger Railway Co. *v.* City of Philadelphia.]

The city asserted that her tax should be estimated on the excess over 6 per cent. on the capital actually paid in, and that she should be paid in addition interest from the time when the tax should have been paid. The principal of the claim was $2160, the interest $235.80, in all $2395.80, for which sum Read, J., at Nisi Prius, directed the jury to find a verdict, reserving the questions,

" 1st. Whether the rate of dividend on the declaring whereof the tax becomes due to the plaintiffs is to be estimated on the capital stock of the company authorized by law, or upon the amount of the capital stock paid up.

" 2d. ·Whether the tax to the city is to be estimated upon the capital stock paid in or upon the capital stock made up by the cost and equipment of the road.

" 3d. Whether the plaintiff is entitled to receive interest on the sum claimed prior to the commencement of the present suit.

" 4th. Whether the receipts from the plaintiffs to the defendants are a bar to the claim of the plaintiffs in the present suit."

The judge afterwards declared his opinion as follows:—

. " 1st. That the rate of dividend is to be estimated on the amount of capital actually paid up, and not upon the nominal capital, nor upon the cost of the road and equipment.

" 2d. That the tax to the city is to be paid on the whole dividend exceeding 6 per cent., or, in other words, on the excess of such dividend above the rate of 6 per cent.

" 3d. That interest is payable on the principal sums claimed from the periods at which they were due.

" 4th. That the receipts are no bar to the claim of plaintiffs, but simply show so much money to have been paid."

He directed judgment to be entered on the verdict, which was assigned for error.

*Thorn*, for plaintiffs in error.—The act expressly declares that the tax shall be paid on dividends on the capital stock. It does . not declare that the amount called in shall be deemed the capital ˙stock. To require the tax to be rated according to capital paid in, would interpolate words into the act. This has been the construction of the state and city authorities. But if the authorized capital is not the basis, then it should be the actual cost. .

The receipts are in full; given upon the interpretation of the officers of the city themselves, and should bind the city. The company paid all that was demanded, and the question was an open one. Interest is payable on a debt withheld; they are therefore not liable for interest.

*E. K. Nichols* and *F. C. Brewster*, for defendant in error.— The capital stock of a corporation is that portion actually paid in :

[Passenger Railway Co. *v.* City of Philadelphia.]

Wayland's Polit. Econ.. 238–245.    The cash paid in on account
of the stock subscriptions is the capital; not the cost of the road.
A receipt is but *primâ facie*, and may be corrected: Thompson *v.*
Faussat, 1 P. C. C. 182–5; Moore *v.* The Commonwealth, 8
Barr 264; Skaife *v.* Jackson, 3 B. & C. 421, 5 D. & R. 290;
Stratton *v.* Rastall, 2 T. R. 366 ; Bauerman *v.* Radenius, 7. Id.
663; Graves *v.* Key, 3 B. & Ad. 318; Almer *v.* George, 1
Campb. 294; Lampon *v.* Corke, 5 B. & A. 611 ; Farrar *v.*.
Hutchinson, 1 P. & D. 427; 2 Saunders's Pl. & Ev. pt. 2, p.
738.  Unless given under hand and seal it is no bar: 2 Id. 738 ;
Gib. on Ev. 142 ; Baker *v.* Dewey, 1 B. & C. 705 ; Rowntree *v.*
Jacob, 2 Taunt. 141.

All debts draw interest.    The liability for taxes is not an open
question : City *v.* Second and Third Street Passenger Railway
Co., District Court, March 3d 1860 ; Williams *v.* Craig, 1 Dall.
315.

The opinion of the court was delivered, February 8th 1866, by
THOMPSON, J.—Our learned brother, Mr. Justice Read, was
entirely right in holding that the rule of dividends which was the
foundation for the city tax, was to be estimated on the amount of
capital actually paid in, and not on the nominal capital, nor upon
the cost of the road and equipment.    The tax is to be assessed on
the excess of the dividends over six per cent.    It would be quite
easy for a company with large nominal capital to avoid ever
exceeding six per cent. dividends on it, while it might be double
that sum on the actual capital paid up.    We expressed our views.
pretty fully to that effect about this time last year in the City
Passenger Railroad Co. *v.* The City, and will not repeat them
here.

The cost of equipment, &c., if it exceeded the capital stock,
was debt, and if instead of paying that off, dividends were made
to the stockholders, it was the concern of the company not the
city ; she was entitled to her tax on the excess of dividends over
six per cent.

But the point most earnestly contested was the allowance of
interest, and we are inclined to accept the views of the plaintiff in
error on that point.    The city treasurer receipted in full for taxes
due the city, on account of taxes on dividends for the years 1861
and 1862.    These receipts were given upon an erroneous under-
standing of the true basis of assessment against the company,
which it was the object of this suit to correct, and which was
brought in 1864, two years after the tax ought to have been paid.
There is nothing in the case to show that any misrepresentations
were made by the company, or that the payment was other than
in a mutual mistake by both parties.    Under such circumstances

was it the right of the city to receive interest before demand, which in this case was the bringing of this suit for the sum unpaid by the company. "Interest is said to be impliedly due whenever a liquidated sum of money due is unjustly withheld:" 10 Wheat. 440. "It is a compensation allowed to the creditor for delay of payment by the debtor:" 6 Casey 340. "It is true, as a general rule, that when one unjustly detains money belonging to another, interest for the forbearance is chargeable of course:" 10 Barr 442. "The detention must smack of injustice to make the debtor liable, unless, indeed, where he is so in due course of business and trade." But it is equally true that where the fact of non-payment is ascribable to mutual misapprehension, or to the *laches* of the creditor, interest is not demandable of course: Brown *v.* Campbell, 1 S. & R. 176; King *v.* Diehl, 9 Id. 409; Cameron *v.* Smith, 2 B. & A. 305.

The *laches* here spoken of, is not meant to apply to delay, but to neglect, leading to mistakes or misapprehension. These principles were nearly all cited as the foundation for the ruling in Porter *v.* The Commonwealth, 5 Harris 14, which was to correct an error in the settlement of the sheriff's account by the auditor-general. Rogers, J., in delivering the opinion, after referring to principles derived mostly from private transactions, asks, "Does the defendant fall within the class of persons who unjustly withhold money belonging to another? Has the non-payment of the money arisen from his wilful default, or is it attributable to the omission or negligence, or some other crime of the Commonwealth's officers? There was mutual misapprehension (about the amount due), and to say the least of it, the fault was not all on one side, and this according to the cases cited is an answer to a claim of interest."

The rule seems therefore to be this, that when a mutual mistake occurs between the payer and receiver of a sum of money, by which the whole has not been paid, or too much has been received, interest is not recoverable on the sum so withheld or received, unless it has been unjustly withheld or unjustly received. The party retaining the money by mistake, may well rely on the acquittance received or given, until the injured party makes known his claim and demands correction and payment. After such demand, if it be refused, and it turns out that there was money due which ought to have been paid, it will bear interest from demand until paid. If there were concealment or design to mislead and withhold interest, interest would be recoverable for all the time. This is the doctrine of the cases; they turn on an unjust or innocent and mistaken withholding; in the former case interest is recoverable, in the latter it is not.

As there was no evidence that the detention here was other than a mistake of both parties, no wilful misrepresentation or

[Passenger Railway Co. v. City of Philadelphia.]

fraud on the part of the company to procure the officer of the city to receipt for a less sum than the law entitled the city to receive, we think, in accordance with the principles of the cases cited, our learned brother should have determined the reserved question about the interest prior to suit brought, against the city. The judgment on the reserved questions must be reversed, and judgment entered for the plaintiff, less the interest, until suit was brought. This is but a correction of the judgment to the extent of the interest from the time suit was brought, which we think ought not to have been included.

> Let the judgment entered in this case be reversed, and judgment be entered for the plaintiff for $2160 and costs, with interest from the time suit was brought.