[No. 7100.  Decided April 24, 1908.]

MARY MOYLAN, *as Administratrix etc., Respondent,* v. JOHN
MOYLAN *et al., Appellants.*[1]

ACTIONS—JOINDER.  Under Bal. Code, § 4942, causes of action
upon two distinct contracts may be joined in one action.

APPEAL—REVIEW—FINDINGS.  Findings of a trial court which are
supported by the evidence will be affirmed where the supreme court
is not satisfied that they are erroneous, or that the evidence, in case
of conflict, preponderates against them.

INTEREST—MONEY PAID.  In an action to recover money paid by
mistake, interest is allowable from the time of demand made for
specific amounts.

WITNESSES—COMPETENCY—TRANSACTION WITH DECEASED.  In an
action by an administrator to recover money paid by the deceased
upon a settlement, a question as to what transpired at the settle-
ment and all about it, is objectionable, as calling for statements
made by the deceased, contrary to Bal. Code, § 5991.

JUDGMENTS—RENDITION—TIME FOR.  A judgment is not void be-
cause not rendered within ninety days after the trial, nor does that
of itself constitute reversible error.

NEW TRIAL—GROUNDS—DISCRETION.  It is discretionary to deny
a new trial on the ground that the stenographer had lost his notes,
the appellant offering to pay all costs in order to get a correct
record.

Appeal from a judgment of the superior court for Lincoln
county, Kennan, J., entered May 24, 1907, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action on contract.  Affirmed.

*Neal, Sessions & Myers (H. A. P. Myers,* of counsel), for
appellants.

*Merritt, Hibschman, Oswald & Merritt,* for respondent.

MOUNT, J.—This action was brought by the respondent
against the appellants, to recover the sum of $2,150, alleged
to be due upon two causes of action.  The lower court, after

[1]Reported in 95 Pac. 271.

a trial, entered judgment in favor of the plaintiff upon both causes of action for $1,943.50. The defendants appeal.

Mary Moylan, the respondent, is the administratrix of the estate of Daniel Moylan, deceased. She is the widow of the deceased. The appellant John Moylan and the deceased, Daniel Moylan, were brothers. They were copartners in a farming business for several years prior to December, 1902. The complaint alleged as a first cause of action, in substance, that the two brothers were engaged in business as partners prior to December 20, 1902, when on that day the copartnership was dissolved by mutual consent and a settlement was made between them; that it was then agreed if any mistake had been made in such settlement it should be corrected. Soon afterwards Daniel Moylan discovered that a mistake had been made against him amounting to $1,350, and immediately notified his brother thereof.

The second cause of action alleges the sale to appellant of a one-third interest in certain lots of land of the value of $800. The appellants demurred to the complaint upon the ground, among others, that several causes of action were improperly united in the complaint. This demurrer was overruled. The appellant thereupon answered, admitting that the settlement had been made, but denying that any mistakes had been made therein, and admitted that on June 23, 1903, the respondent and her husband Daniel Moylan, who was then alive, made a deed of the lots in question to the appellant, but alleged affirmatively that the lots were formerly owned by John Moylan, Daniel Moylan, and Dennis Moylan, brothers, who inherited the lots from a brother Timothy; that the consideration for the deed from Daniel and wife to John was the fact that John had cared for his mother for many years prior to her death, and that the deed was made in consideration thereof at the suggestion of Daniel and Dennis Moylan. This affirmative matter was denied. The cause was tried to the court without a jury, commencing on June 5, 1906. The judge thereafter did not announce his decision until May 24,

1907, when findings of fact and conclusions of law were made in favor of the respondent, to the effect that, at the settlement made between appellant and Daniel Moylan, the latter had paid to the appellant $6,270, which was $1,293.27 more than he should have paid, and also that the agreed value of the lots was $250 for respondent's one-third interest. The judgment was entered for these amounts with interest.

Appellants claim on this appeal that the court erred in denying the demurrer to the complaint, for the reason that the two causes of action stated cannot be joined in the same complaint. Both causes of action are upon contract and may clearly be joined under the provisions of Bal. Code, § 4942 (P. C. § 412).

Appellants next contend that the evidence is insufficient to show that a mistake was made in the settlement between the brothers. The appellant John Moylan was a witness and admitted that, within a few days after the settlement was made, his brother Daniel claimed that mistakes had been made, and requested the appellant to correct the errors; that, after the death of Daniel, the widow and a brother of the widow upon different occasions made similar demands, which appellant rejected. There is evidence in the record to support the findings and conclusions of the trial court, and we are not satisfied on this appeal that his findings are erroneous. They must therefore be taken as correct.

Appellants also contend that the evidence is insufficient to support the finding that they agreed to pay $250 for a one-third interest in the lots, as alleged in the second cause of action. The evidence is in direct conflict upon this question, and we are unable to say that it preponderates against the finding, and for that reason we shall not disturb the court's finding.

It is alleged that the court erred in allowing interest on the amounts found due on each cause of action. The record shows that, within a few days after the settlement, Daniel notified the appellant that a mistake had been made, and de-

manded by letter a return of the money, and subsequently other demands were made for specific amounts. Under these circumstances it was not error to allow interest on the amounts found due.

Appellants argue that the court erred in sustaining an objection to a question put to appellant while he was upon the witness stand as follows: "State what transpired at the time of the settlement and all you remember about it." This question was objected to because it called for a conversation with Daniel Moylan, deceased, and the objection was sustained on that ground. This question was general and called for everything that transpired at that time and included private statements of the deceased. As framed, the question was clearly objectionable under the statute, Bal. Code, § 5991 (P. C. § 937), and the court did not err.

Appellant argues that the judgment is erroneous because it was not rendered within ninety days after the trial. We held in *Demaris v. Barker*, 33 Wash. 200, 74 Pac. 362, that such judgments were not void, and that the court did not lose jurisdiction by reason of delay. The mere fact that the judgment was not rendered within ninety days does not of itself constitute error upon which the judgment may be reversed.

It is claimed that the court erred in refusing to grant a new trial. It seems that, after the trial, the stenographer who had taken down the evidence in shorthand lost the notes. After an adverse decision, the appellants made application for new trial, and offered to pay all the costs of such new trial in order to get a correct new record. The court refused this application. This was clearly within the discretion of the trial court, and was not an abuse of such discretion. ·

The judgment must therefore be affirmed.

HADLEY, C. J., CROW, ROOT, RUDKIN, FULLERTON, and DUNBAR, JJ., concur.