[No. 10652. Department Two. December 16, 1912.]

JAMES LAMAR et al., Appellants, v. CHARLES ANDERSON, Respondent.[1]

APPEAL—REVIEW—HARMLESS ERROR. Error in requiring an election is harmless, where from the record it is evident that the action was properly dismissed because the contract sued on had been mutually abandoned.

TRIAL—FINDINGS—NECESSITY. Findings are not necessary to sustain a judgment of dismissal.

CONTRACTS—WRITTEN CONTRACTS—ORAL RESCISSION. Parties to a written contract may abandon it by a mutual oral agreement.

Appeal from a judgment of the superior court for King county, Tallman, J., entered February 26, 1912, dismissing an action on contract, after a trial to the court. Affirmed.

M. E. Brewer and Jno. Mills Day, for appellants.

James Hart and Jay C. Allen, for respondent.

MORRIS, J.—Appellants are real estate brokers at Auburn, and brought this action to recover upon a contract wherein respondent listed his lands with them for sale. The contract is the one usually employed in the case of the listing of lands for sale, and the complaint contains the usual allegations of compliance by appellants and the refusal to comply by respondent. At the conclusion of the hearing, the court below dismissed the action, and this appeal follows:

No findings were made, and we cannot say what view the lower court took of the case. Appellants state in their brief

[1] Reported in 128 Pac. 672.

that, at the conclusion of the hearing, they were required to elect whether they would ask for a judgment for commissions or for damages; and that, having elected to ask judgment for commissions, the court dismissed the action, ruling that the action for commissions had been abandoned and the case tried as one for damages. We are not disposed to spend any time in determining the correctness or incorrectness of this ruling. There being no findings, we can only read the record and determine what judgment should have been entered; and having done so, it is plain that the contract had been mutually abandoned. There is some question as to the consideration of this abandonment, whether it was $10, as claimed by respondent, or $25, as claimed by appellants. But whatever the consideration, we hold there was a mutual abandonment of the contract, and that for this reason the judgment of dismissal was rightfully entered.

Error is predicated upon the failure of the lower court to make findings. The judgment being one of dismissal, no findings were required. *Noyes v. King County*, 18 Wash. 417, 51 Pac. 1052; *Thorne v. Joy*, 15 Wash. 83, 45 Pac. 642. If appellants' contention as to the reason of the lower court's ruling is correct, we do not know what finding of fact the court could have made upon which to base its judgment, since it would appear that the ruling was upon a point of law rather than a decision of facts.

Appellants also contend that the contract between the parties, having been in writing, could only be rescinded by a written agreement. However this might be in cases where a party to a written contract required to be in writing attempts to orally withdraw from it, there can be no question but that the parties to a written contract may by mutual oral agreement abandon it.

Finding that the judgment is sustained by the evidence, it is affirmed.

Mount, C. J., Fullerton, Ellis, and Main, JJ., concur.