[No. 14043. Department One. July 25, 1917.]

JAMES BOE, *Appellant*, v. HODGSON GRAHAM COMPANY, *Respondent*.[1]

TRIAL—FINDINGS OF FACT—NECESSITY. In an action at law in which issues of fact are tried out on the merits before the court without a jury, findings of fact are necessary to support the judgment; under Rem. Code, § 367, providing that, upon the trial of an issue of fact by the court, its decision shall be given in writing, with the facts found and the conclusions of law separately stated.

Appeal from a judgment of the superior court for San Juan county, Brawley, J., entered October 4, 1916, dismissing on the merits an action at law, after a trial to the court. Reversed.

*J. W. Bryan*, for appellant.

*Frank P. Christensen*, for respondent.

CHADWICK, J.—After a full hearing on the merits, the court entered a judgment in favor of the defendant, the material parts of which follow:

". . . witnesses for plaintiff and defendant having been duly sworn and examined; and the court having heard all of the evidence of plaintiff and defendant, and being fully advised in the premises;

"It is hereby ordered, adjudged and decreed, That plaintiff has wholly failed to make out a cause of action against defendant, and has failed to prove the allegations set forth

[1]Reported in 166 Pac. 779.

in his complaint, and judgment is hereby entered in favor of defendant and against plaintiff, and that the defendant recover its costs and disbursements herein incurred.

"To which judgment entry the plaintiff excepts and his exceptions allowed.

"Done in open court this 30th day of August, 1916."

No findings of fact or conclusions of law were made by the court.

The first error assigned is that the court failed to make findings of fact and conclusions of law. The case falls squarely within the rule announced in *Western Dry Goods Company v. Hamilton*, 86 Wash. 478, 150 Pac. 1171, and will be sent back for findings unless the judgment is to be held one of dismissal, or as one in which no affirmative relief is granted. The rule announced in the case just cited is well grounded in reasons to which this court has adverted in *Bard v. Kleeb*, 1 Wash. 370, 25 Pac. 467, 27 Pac. 273, in *Western Dry Goods Co. v. Hamilton, supra*, and in *Colvin v. Clark*, 83 Wash. 376, 145 Pac. 419. The statute is plain.

"Upon the trial of an issue of fact by the court, its decisions shall be given in writing and filed with the clerk. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon its decision shall be entered accordingly." Rem. Code, § 367.

It makes no exception where the judgment is entered after trial upon conflicting evidence in favor of the defendant. It is not equivalent to a judgment of dismissal, or a judgment of nonsuit. *Broderius v. Anderson*, 54 Wash. 591, 103 Pac. 837.

A fair test of the operation of the statute is to be found in the issues presented to this court. If it be a question of law only, the facts are of no consequence. The findings by the trial judge would be of no assistance. But where we are called upon to determine the weight of the testimony as between the parties, findings and conclusions are essential, and,

as we have held in the cases cited, made mandatory by the statute. Having disposed of the case of *Slayton v. Felt*, 40 Wash. 1, 82 Pac. 173, in the *Western Dry Goods* case, the only other case to which our attention has been called that might seem to be contrary is that of *Lamar v. Anderson*, 71 Wash. 314, 128 Pac. 672. But in that case the court qualified its apparent holding, saying: "We do not know what finding of fact the court could have made upon which to base its judgment, since it would appear that the ruling was upon a point of law rather than a decision of facts."

We adhere to the rule of the statute—the statute as it reads—and our former decisions, that a judgment upon disputed facts will not be reviewed where there are no findings of fact or conclusions of law to sustain it. The case will be remanded for findings under the authority of *Colvin v. Clark*, *supra*. Appellant will recover his costs in this court. The costs in the court below will abide final judgment.

Remanded with instructions.

ELLIS, C. J., MORRIS, and MAIN, JJ., concur.