[No. 14627.   Department One.   March 13, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Eilers Music House, Plaintiff,* v. WALTER M. FRENCH, *Judge etc., et al., Respondents.*[1]

TRIAL—FINDINGS—NECESSITY.  Findings and conclusions are as essential on the dismissal of an action as upon an affirmative judgment.

MANDAMUS—TO COURTS—COMPELLING ENTRY OF JUDGMENT—DELAY. Since delay in entering judgment does not result in loss of jurisdiction, mandamus will lie to compel a judge to perform the duty of making findings of fact and conclusions of law, enjoined by Rem. Code, § 367, where the lapse of time, one and one-half years, is not unreasonably great and no rights of third persons have intervened.

Application filed in the supreme court January 9, 1918, for a writ of mandamus to compel the superior court for King county, French, J., to proceed to final judgment in a cause.   Granted.

*James R. Chambers,* for relator.

*Robert Grass,* for respondents.

FULLERTON, J.—The relator, on September 25, 1915, brought an action against George J. Mackenzie and Robert Grass to recover possession of a piano delivered to Mackenzie under a conditional sale contract. The possession of the piano had been transferred to defendant Grass in satisfaction of an indebtedness due him from Mackenzie.   The cause was tried on February 17, 1916, before Honorable Walter M. French, judge of the superior court for Kitsap county, who, at that date, sat as an acting judge in the superior court of King county.   The court orally announced its decision, which was in effect a finding for the defendants, but no formal findings of fact, conclusions of law, or judgment was entered.   On October 9, 1917, the re-

[1]Reported in 171 Pac. 527.

lator, through other than his original counsel, served on the attorneys for defendants proposed findings of fact, conclusions of law, and judgment in the case, and a hearing was had thereon before Judge French on October 17, 1917, when he was again sitting as judge in King county. The defendants objected that the attorney representing relator in such application for entry of judgment was not the attorney of record for the relator, and further objected to the entry of findings and judgment at that time. Thereupon the court made the following ruling:

"Defendants' objections to signing of findings, conclusions and decree sustained. Court refuses to sign same on the grounds that one and one-half years had elapsed between time of court's decision and presentation of said findings, conclusions and decree for signing."

A proper substitution of attorney for relator was made of record, and on November 20, 1917, there was served upon defendants a motion to compel the entry of final judgment, which was brought on for hearing before Judge French on December 10, 1917, as he was again sitting as judge in King county; whereupon a ruling was made by the judge, as shown by the records of the court, as follows:

"December 10, 1917. Entd. Pltf's motion for entry of final judgment. The court refuses at this time to . consider the above motion. Exception allowed."

The court, at the same time, refused to enter any character of final judgment, and further refused to sign a formal order denying motion for the entry of such judgment. The relator has applied to this court for a writ of mandate directed to Judge French, as visiting and acting judge in the superior court of King county, commanding him to proceed to final judgment

in the cause, and to sign, file, and enter his findings of fact, conclusions of law and judgment therein.

The refusal of the trial court to make, sign, and enter findings, conclusions, and judgment is rested upon the failure of the litigants to present them to him for action until the lapse of one year and a half after his oral decision of the cause. While a custom has grown almost into settled practice for the attorneys to present findings, conclusions, and judgment for the signature of the judge, and the latter has come largely to depend on such assistance, it is the statutory duty of the judge himself to perform these functions. The statute declares:

"Upon the trial of an issue of fact by the court, its decisions shall be given in writing and filed with the clerk. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly." Rem. Code, § 367.

Findings and conclusions are just as essential on the dismissal of an action as where an affirmative judgment is entered. *Slayton v. Felt*, 40 Wash. 1, 82 Pac. 173.

The failure of the judge to perform one of the administrative duties pertaining to the judicial functions of his office ought not to be chargeable against a losing party upon whom it was not incumbent to see that a proper judgment was entered. The respondents now seek to burden the relator with their own omissions, and argue that the relator cannot extend the time for taking an appeal by neglecting to have findings and judgment entered. But the question of relator's right of appeal is not an issue at this time. It is conceded that no final judgment has ever been entered in the cause, and the question is whether the judge is now chargeable with that duty. We have no

doubt that he is. Delay in the entry of a judgment does not work a loss of jurisdiction *(Moylan v. Moylan,* 49 Wash. 341, 95 Pac. 271), and unless some independent right has intervened which will be adversely affected by the judgment, it is the right of a litigant to have a judgment entered, unless the lapse of time is unreasonably great. 23 Cyc. 838. The delay was not unreasonable in this instance. *State ex rel. Calhoun v. Superior Court,* 86 Wash. 492, 150 Pac. 1168.

The court erred in refusing to enter a judgment, and the writ should issue. It is so ordered.

ELLIS, C. J., PARKER, MAIN, and WEBSTER, JJ., concur.