[No. 18225. Department One. March 20, 1924.]

DAN HENEY, *Respondent,* v. G. M. HUBBARD, *Appellant.*[1]

APPEAL (255)—RECORD—REVIEW—SUFFICIENCY OF FINDINGS. In an action to recover the balance due upon an account, in which the ultimate issue was as to which party owed the other, findings as to the amount of the balance due cannot be assigned as error, as not in compliance with Rem. Comp. Stat., § 367, in that the contested questions of fact are not found, where the evidence was not brought up and the supreme court cannot say what items were abandoned or any evidence in support thereof offered.

Appeal from a judgment of the superior court for King county, Ralston, J., entered March 22, 1923, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*George W. Korte* and *C. H. Hanford,* for appellant.

PER CURIAM.—Appellant has brought here no statement of facts, but relies for reversal on the findings as made and the refusal of the court to make requested findings of the specific amounts and deciding upon each item relied upon by the appellant in his favor.

The action is by respondent to recover an amount of money claimed to be due on a balance of account. Appellant's answer admits a large number of respondent's claims, denies items thereof, and pleads as off-set

[1]Reported in 224 Pac. 17.

and counterclaim specific items for which he claims respondent is debtor to appellant, in an amount aggregating the credits in favor of respondent on the account.

The trial court made a finding as follows:

"That on or about the 20th day of June, 1920, the defendants hired the plaintiff to perform certain labor and services in connection with the manufacture and transportation of railroad ties at and in the vicinity of camps maintained and operated by the defendants at Dupont and Steilacoom, Pierce county, Washington; that such employment continued until about May, 1921; that during such period of employment the defendant paid to the plaintiff on account certain money, and that in addition thereto the plaintiff became indebted to the defendants for meals and supplies furnished, and for money advanced for the payment of certain accounts contracted by the plaintiff; that after allowing the defendants all such credits and all just offsets and counterclaims, there is now due and owing to the plaintiff by the defendants the sum of $1,040.33."

Appellant excepted to the above finding "that after allowing the defendants all such off-sets and counterclaims there is now due and owing to the plaintiff by the defendants the sum of $1,040.33."

Appellant proposed findings which were refused by the trial court, and to the refusal of which exceptions were taken, to the effect that appellant was entitled to have credited as set-offs against the claim sued on, forty-five specific items aggregating $2,950.17, and the agreed price for which an auto truck was sold by appellant to respondent, to wit: $1,500, or a total of $4,450.17. Also a finding to the effect that respondent used an auto truck in hauling railroad ties for appellant which he purchased from appellant for the agreed price of $1,500, but paid no part of the purchase price to appellant.

It is claimed that the finding made by the trial court did not conform to the statute, Pierce's 1919 Code, § 8486 [Rem. Comp. Stat., § 367], requiring the facts found and the conclusions of law to be separately stated.

It is contended that the law is mandatory and that its purpose and spirit is to require trial courts to decide specifically the contested questions of fact which are litigated; citing *Colvin v. Clark*, 83 Wash. 376, 145 Pac. 419, Id., 96 Wash. 282, 165 Pac. 101; *Western Dry Goods Co. v. Hamilton*, 86 Wash. 478, 150 Pac. 1171; *Boe v. Hodgson Graham Co.*, 97 Wash. 444, 166 Pac. 779. Also *Potwin v. Blasher*, 9 Wash. 460, 37 Pac. 710, to the effect that: "The findings should cover all the issues, not merely such as may be sufficient to support the judgment."

The issues in this case, reduced to their ultimate, were: Which of the parties owes the other, and how much?

On those issues the trial court found that appellant owed respondent a balance of $1,040.33, after allowing appellant all just credits and off-sets under his answer and affirmative defense. The conclusion of law and judgment followed accordingly that appellant is indebted to respondent in that sum. The facts not being brought before us, we may not know what items were abandoned or waived and no proof whatever offered in support thereof.

We do not think that the statute and the cases cited by appellant mean that each contested item of many items involved between parties in litigation must be the basis of a separate finding of fact by the trial court.

As the case comes before us, we are unable to say that the trial court should have made other, different, or further findings than were made, or that he com-

mitted error in making the findings made, or refusing the findings proposed.

The judgment must, therefore, be in all things affirmed.