[No. 19057.   Department One.   February 24, 1925.]

ROY J. KINNEAR et al., Respondents, v. JOHN GRAHAM
et al., Appellants.[1]

TRIAL (150)—FINDINGS—DUTY TO MAKE.   Failure to make any
findings upon an affirmative defense, will not preclude a review on
appeal, where it clearly appears from an oral opinion what the court
intended to decide upon the question.

Appeal from a judgment of the superior court for
King county, Smith, J., entered June 12, 1924, upon
findings in favor of the plaintiffs, in an action on con-
tract, tried to the court. Affirmed.

Bronson, Robinson & Jones and W. L. Grill, for ap-
pellants.

Cosgrove & Terhune, for respondents.

ASKREN, J.—This action was brought for recovery
of $3,500 and interest being the balance due upon a
contract between the parties, dated May 31, 1921. An
affirmative defense alleged that, at a time when there
was $7,000 due upon the contract, and the defendants
financially embarrassed and insolvent, the parties en-
tered into an oral agreement whereby the plaintiff
agreed to accept the $7,000 without interest.   That
thereafter $3,500 was paid thereon and a tender made
of the remaining $3,500. Upon trial of the cause the
trial court found for the plaintiff, and entered judg-
ment for $3,500, together with interest thereon.

A single question is presented by this appeal.   The
appellants claim that the court erred in not making a
finding upon its affirmative defense based upon the
oral agreement; citing Barto Co. v. Aylmore, 125 Wash.
394, 216 Pac. 857. They contend that it was the duty

[1]Reported in 233 Pac. 304.

of the court to make a specific finding as to whether or not the oral agreement to waive interest was entered into. It was admitted at the time of the argument in this court that the trial court by its oral decision found that the agreement had not been entered into, and that decision is brought here attached to the statement of facts. The court did make formal findings, not only that the principal was due, but that the interest was also due, and respondent contends that such a finding is, in effect, one upon the question here presented. This is not necessarily conclusive, since this court can not tell therefrom whether it was made because the trial court found that no oral agreement had been entered into, or because it upheld the respondent's contention that there was no consideration therefor.

We think it our duty, however, to consider the findings in the light of the court's oral decision, and since it appears without question that the court intended by its finding to hold that the oral agreement was not entered into, it would appear that the question presented is highly technical. The purpose of findings is to enable this court to review the questions upon appeal, and when it clearly appears what questions were decided by the trial court, and the manner in which they were decided, we think that the requirements have been fully met.

The judgment is affirmed.

TOLMAN, C. J., BRIDGES, MAIN, and PARKER, JJ., concur.