[No. 20184. Department One. March 2, 1927.]

## A. F. KELLER, *Respondent,* v. GEORGE WADDINGTON et al., *Appellants.*[1]

[1] MUNICIPAL CORPORATIONS (379, 389) — STREETS — ACCIDENTS AT CROSSING. One who drives across a street intersection at an unlawful speed and strikes a car already nearly across the intersection, without even seeing it until the collision, is guilty of negligence.

[2] SAME (379, 383) — ACCIDENT AT CROSSING — CONTRIBUTORY NEGLIGENCE. The driver of a car is not guilty of contributory negligence in failing to give the right of way to another car on the right, "simultaneously" approaching a street intersection, where he had ample time to entirely cross the intersection had the other been driving at a lawful speed, and the latter could have passed him to the rear without crossing the center of the street.

[3] TRIAL (154) — FINDINGS — SUFFICIENCY. Findings of fact are sufficient if they cover all the ultimate facts, it not being necessary to find the evidentiary facts.

[4] DAMAGES (80) — EXCESSIVE DAMAGES — PERSONAL INJURIES. A verdict for $1,000 for personal injuries is not excessive where the plaintiff received severe and painful injuries to ligaments of his back and shoulder and other bruises, disabling him for three weeks.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 25, 1926, upon findings in favor of the plaintiff, in an action for damages sustained in an automobile collision, tried to the court. Affirmed.

*Stephen V. Carey* and *Roy E. Bigham,* for appellants.

*Tennant & Carmody,* for respondent.

FULLERTON, J.—The respondent, Keller, recovered in the court below against the appellant, Waddington, for injuries to his person and injuries to his automobile, suffered in an automobile accident. The action

[1]Reported in 253 Pac. 646.

was tried by the court, sitting without a jury, and is before us on questions of both law and fact.

The appellants first contend that the evidence is insufficient to support a recovery. As to the manner in which the accident giving rise to the injuries happened, the evidence is not in serious dispute. It occurred at the intersection of Fremont avenue with North Thirty-sixth street in the city of Seattle. At this place, Fremont avenue extends north and south. It is a paved street, forty-eight feet wide between the curbs. Two car line tracks extend along the street, some five feet apart, each an equal distance from the center of the street. North Thirty-sixth street intersects Fremont avenue at approximately a right angle. Immediately prior to the accident, the respondent was driving his automobile easterly on North Thirty-sixth street. As he reached the avenue, he brought his automobile to a full stop on its westerly side to await the passage of traffic then crossing the intersection immediately in his front. When the traffic cleared, he started across the avenue, and had crossed the easterly of the two car tracks when he was struck by the automobile of the appellants, driven by the appellant George Waddington, which approached the intersection from the south. The collision occurred in the full light of day. There was no other traffic on the intersection at the time of the collision. There was room for the appellant to pass to the rear of the respondent's automobile without crossing to the left of the center of the street. The appellant was keeping no lookout for objects in his front —he did not even see the respondent's automobile until his automobile collided with it.

[1] There was a dispute as to the speed the appellant was driving at the time of the collision. He says, and his statement is supported by the other occupant of his car, that he was driving between fifteen and

twenty miles an hour. On the other side, the testimony is that he was driving at a much faster speed. But accepting his own statement as true, he was exceeding the speed limit at the time of the collision. While, under the limitation of the statute, he was permitted to drive at a speed of twenty miles per hour between street intersections, when crossing an intersection, he was not permitted to drive "at a rate of speed faster than twelve miles per hour, or in any case at a rate of speed that will endanger the property of another, or the life or limb of any person." (Rem. Comp. Stat., § 6339) [P. C. § 219]. He was thus, by his own admission, violating the first of these clauses of the statute, and we are fearful, since he kept no lookout for traffic in his front, that he was also violating the other. On the question, therefore, whether the evidence justifies the conclusion that the appellant was guilty of negligence, we have no hesitancy in saying that the trial court reached a correct conclusion.

[2] The next contention is that the respondent was guilty of such contributory negligence as will prevent a recovery. It is argued that the parties were simultaneously approaching a given point, that the respondent was on the left of the appellant, and that, under the provisions of the statute, it was his duty to look out for the appellant's car and give it the right of way, which he did not do. But we cannot concede that the situation here presented is the situation contemplated by the statute. While the respective drivers of the automobiles were approaching a given point, they were not simultaneously approaching the point. The appellant was well down the avenue towards the next intersecting street when the respondent started over the intersection, and in our opinion the record very conclusively shows that he had ample time to cross entirely over the intersection before the appellant reached him,

and would have so crossed over had the appellant driven his automobile within the statutory speed limit.

Whether two automobiles are simultaneously approaching a given point, is, of course, a relative question. The driver on the left may not with impunity turn or cross in front of a driver approaching from the right merely because he can reach the intersecting point ahead of the driver on the right. He is guilty of negligence, if his act will in reasonable probability result in a collision. But in instances such as this, where he has ample time to cross in front of the approaching automobile if it is driven within the speed limit, he is not guilty of negligence. The present case, moreover, presents a circumstance not usually found in cases of collisions. Here, the respondent's automobile did not even block the passageway of the automobile of the appellant. The appellant had ample room to pass to the rear of the respondent by slightly changing his course when coming up the avenue, and could have so passed, as we have before mentioned, without crossing over the center line of the street. In our opinion, the trial judge rightly decided that there was no negligence on the part of the respondent which was a contributing cause of the collision.

[3]   It is objected that the findings of fact made by the trial court are insufficient to comply with the statute. The particular objections are that they are too general, and do not cover all of the issues. But we find no objection to them in these respects. There was a finding on every material issue, and the findings are general only in the sense that the court found the ultimate, rather than the evidentiary facts. There is no requirement by statute or by general rule that the court find more than the ultimate facts, nor more than those that are material.

[4] Finally, it is complained that the judgment awarded the respondent is too large. The court allowed a total recovery of $1,289.93. Of this sum, $253.93 was for damages to the respondent's car, and $36 was for a doctor's bill incurred. The remainder was awarded for his personal injuries. While the respondent received no permanent injury, the injuries he did receive were severe and painful. Certain ligaments of his back and shoulder were torn, requiring him to wear a bandage for some four weeks, and there were bruises elsewhere on his body and limbs,—the whole being sufficient to keep him in his home and away from his business for more than three weeks. We cannot say, therefore, that the award was excessive.

The judgment is affirmed.

TOLMAN, MITCHELL, and MAIN, JJ., concur.