[No. 22606. Department One. January 27, 1931.]

THOMAS C. WISE *et al., Appellants,* v. GEORGE R. VAUGHAN *et al., Respondents.*[1]

*H. W. Lueders* and *O. O. McLane,* for appellants.

*Robert B. Abel,* for respondents.

MAIN, J.—This action is based upon an attachment bond. In the complaint, there are two causes of action, separately stated; one was for the loss or misappropriation of certain goods, wares, and merchandise, and the other for expenses incident to an attachment which, it is claimed, was wrongfully sued out. The defendant National Surety Company, in its answer, affirmatively pleaded that the loss of the goods, if any, occurred while they were in possession of the defend-

[1]Reported in 295 Pac. 126.

ant George R. Vaughan, under a contract which he had made with the plaintiffs. The plaintiffs, in their reply, admitted the execution of the contract, and alleged affirmatively that Vaughan failed to perform his part thereof, and that, as a result, the plaintiffs were damaged in the sum sought to be recovered. The defendants George Vaughan and wife defaulted, and judgment was entered against them in the sum of $412, with interest, costs, and attorney's fee. The case against the surety company was tried to the court without a jury, and resulted in a judgment dismissing the action, at the conclusion of the plaintiff's evidence. The plaintiffs appealed from both judgments.

The facts essential to be stated, are these: The respondent George Vaughan (who will be referred to as though he were the only party respondent aside from the surety company) operated a clothes pressing establishment in the city of Tacoma, at 1128 Commerce street, and had in his possession, in the same room, a small stock of men's furnishing goods, consisting of hats, caps, overcoats, suits, and fixtures, which were the property of the appellants. Vaughan refused to surrender the stock of goods to the appellants upon demand, claiming a right to hold them for an indebtedness owed to him by the appellants. August 28, 1928, the appellants brought an action in replevin to recover the possession of the merchandise and fixtures. A writ of replevin was placed in the hands of the sheriff of Pierce county and served.

September 4, 1928, one John H. Binns, in an action in which he was plaintiff and the appellants Wise were defendants, caused an attachment to be issued and levied upon the merchandise and fixtures. After the Binns attachment had been levied, Vaughan caused an attachment to be issued and levied upon the same property, to secure the indebtedness owed to him by

the appellants. Vaughan was placed in possession of the property by the sheriff, as custodian thereof. The appellants moved that the attachment caused to be issued by Vaughan (we are not now concerned with the Binns attachment) be set aside, and, after a hearing upon the motion, the court declined to vacate and set aside the attachment.

The principal case of *Wise v. Vaughan* in replevin was tried November 1 and 2, 1928. After the trial of the case, and before judgment was entered, the appellants entered into a contract with Vaughan, by which the property was to remain in his possession, and he was to sell the same, retaining a commission of twenty-five per cent on the gross sales. In this contract it was expressly recited that the appellants Mr. and Mrs. Wise were indebted to Vaughan for money loaned to them June 11, 1928, in the sum of $370. The judgments above referred to were not entered until some time later. In the judgment against Vaughan in the principal action, Mr. and Mrs. Wise were awarded the sum of one dollar as damages, and it was provided that, in case the property was not delivered to the plaintiffs in that action, they would be entitled to a judgment in the sum of one thousand dollars, as the value thereof. Vaughan proceeded to sell the goods in pursuance of the contract, and, for a time, applied the moneys received, or a part at least, in accordance with the provisions of the contract, and finally abandoned the balance of the stock, which the appellants thereupon took possession of.

The judgment of default against Vaughan was based upon the contract which he had made with the appellants, and not upon the attachment bond. There is no showing that, after the attachment was levied, and prior to the entering into of the contract mentioned, there was any loss or misappropriation of the

merchandise. The position of the appellants, if we have correctly gathered it, is that they were entitled to a judgment on the attachment bond, not only against Vaughan for the loss and misappropriation of the goods, and the expenses incident to the attachment, but also against the National Surety Company, which was surety on the attachment bond. Since the goods were lost or misappropriated while held by Vaughan under the contract, it is clear that no judgment could be had upon the attachment bond for that item.

The question, more particularly stated, is whether the appellants are entitled to judgment on the attachment bond for the costs which they incurred incident to that attachment.

The attachment bond is statutory, and in Rem. Comp. Stat., § 654, it is provided that recovery may be had thereon, when it is shown that "the attachment was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which the same was issued to be true, . . ."

Section 648, Rem. 1927 Sup., provides that a writ of attachment may be issued upon a showing

". . . that the defendant is indebted to the plaintiff (specifying the amount of such indebtedness over and above all just credits and offsets), and that the attachment is not sought and the action is not prosecuted to hinder, delay, or defraud any creditor of the defendant, and either,—. . . (10) That the object for which the action is brought is to recover on a contract, express or implied."

The affidavit upon which the attachment was based is in accord with the statute, and recites that the action "is based upon an express contract." The contract between the parties above referred to, expressly recites that the appellants are indebted to Vaughan in the sum of $370. The ground upon which the at-

tachment was issued was, therefore, true. It cannot be held, under these facts, that the attachment was wrongfully sued out, and there was no reasonable cause to believe the ground upon which the writ was issued was untrue, which was necessary to sustain a judgment on the attachment bond, as provided in § 650, *supra*. When the replevin action was tried, the court discharged both attachments. Whether property held under a writ of replevin may be attached, is not necessary here to determine, since the attachment was based upon a ground which was, in fact, true, and the supporting affidavits completely met the statutory requirement. There was no liability on the attachment bond.

Complaint is also made with reference to the rulings of the trial court upon the pleadings and the admission of evidence, but it is not necessary to pursue these questions. Facts, so far as they showed that the attachment was properly issued, were rightly pleaded, and could be shown in evidence. Any facts in the pleadings, or in the evidence, that go beyond this, may be entirely disregarded. There was no prejudice in the rulings of the trial court, either upon the pleadings or upon the admission of evidence.

It is further said that the court was in error in dismissing the action as to the surety company, without making findings of fact. The judgment being one of dismissal, no findings were required. *Lamar v. Anderson*, 71 Wash. 314, 128 Pac. 672.

Both judgments will be affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.