[No. 23426. Department One. January 7, 1932.]

R. L. BALZER et al., Respondents, v. A. L. AUKAMP, Appellant.[1]

Williams & Cornelius, for appellant.

Roberts & Roberts and Walter V. Swanson, for respondents.

MITCHELL, J.—Respondents brought this action on an open account. Appellant's second amended answer, on which the trial was had, contained a general denial of material and essential allegations of the complaint, and also contained new matter constituting a counterclaim or set-off in a large amount, alleged to be a part of the same transaction out of which respondents' cause of action arose.

In the trial, without a jury, the evidence was decidedly conflicting upon both the cause of action stated in the complaint and the set-off alleged in the answer. The trial court made and entered formal findings of fact and conclusions of law in favor of respondents on their cause of action, and at the same time failed and refused to make any finding of fact or conclusion

[1] Reported in 6 P. (2d) 614.

of law with respect to the set-off, notwithstanding formal written requests were made therefor. Judgment was entered for the respondents on their cause of action, no mention being made of the set-off.

Among other assignments of error, complaint is made of the refusal of the court to make findings with respect to the set-off. An examination of the record shows that by far the greater amount of the evidence at the trial was upon the matter of the set-off alleged in the answer, while both the written and oral arguments on the appeal have been to the same effect. This is a law action, and as was said in *Colvin v. Clark,* 96 Wash. 282, 165 Pac. 101:

"The necessity for findings of fact and conclusions of law is found in the statutes of the state, Rem. Code, § 367, which provides that, in all actions of law, the court shall make findings and conclusions. Such findings have the same legal effect as the verdict of a jury, and are treated as such."

In the present case, a decision upon the set-off is necessary to a determination of the rights of the parties, and being a law action, the decision must be made and expressed in the trial court in the manner required by the statute. In *Colvin v. Clark,* 83 Wash. 376, 145 Pac. 419, referring to *Wilson v. Aberdeen,* 25 Wash. 614, 66 Pac. 95, the statute was held to be mandatory, and in *Svarz v. Dunlap,* 149 Wash. 663, 271 Pac. 893, the court said:

"Our statute provides:

" 'Upon the trial of an issue of fact by the court, its decision shall be in writing and filed with the clerk. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly.' Rem. Comp. Stat., § 367.

"We have held in an unbroken line of decisions that it is the duty of the court in a law action to make findings of fact. In this case the court was requested to

make a finding of fact on a material issue, and on conflicting testimony, and failure so to do constitutes error."

In remanding the case, for the reasons stated, we follow the procedure adopted under similar circumstances in the case of *Colvin v. Clark*, 83 Wash. 376, 145 Pac. 419, and remand it to the judge of the superior court who tried it, with directions to enter findings and conclusions as to all the issues on the evidence already heard, and to enter judgment thereon from which either party aggrieved may appeal.

Defendant will recover his costs so far in this court. The taxation of costs in the trial court will await the final disposition of the case in that court.

TOLMAN, C. J., HERMAN, BEELER, and PARKER, JJ., concur.