[No. 24936. Department One. February 27, 1934.]

WILLIAM WALTERS, *Appellant,* v. WILDUR MUNSON *et al., Respondents.*[1]

*H. A. P. Myers,* for appellant.

*Ralph S. Pierce* and *Edmund Stafford,* for respondents.

MITCHELL, J.—Appellant sued to recover damages suffered in an automobile collision at a street intersec-

[1]Reported in 30 P. (3d) 224.

tion. The defense consisted of a general denial and affirmative allegations of contributory negligence. The answer also contained a cross-complaint for damages alleged to have been caused by the sole negligence of the plaintiff. The allegations of the cross-complaint were denied by a reply.

Trial was had without a jury. Findings of fact were made and entered.

The findings substantially were that the streets crossed at right angles; that plaintiff, Walters, was driving westerly, while defendant, Munson, was driving southerly; that, as they approached the intersection, "the visibility of the drivers of traffic approaching in their respective directions was clear and unhindered and traction upon said highway was good." Also,

"The court further finds that a collision resulted between the two cars and that the said collision was proximately caused by the negligence of both the plaintiff, William Walters, and the defendant, Wildur Munson, in that the said plaintiff, William Walters, was travelling at a speed in excess of that allowed by ordinance and further, failed to concede the right of way to the defendant's car which was then approaching from his right, in violation of the state statute relative to the use of highways. That the said defendant, Wildur Munson, was negligent in that he was travelling at a speed in excess of that allowed by the ordinance of the city of Seattle and also in that defendant failed to see plaintiff before the crash and that such speed and failure to see contributed proximately to cause the collision."

The plaintiff proposed fuller findings, setting out evidentiary matters or subordinate facts, which were refused. The conclusion was that neither party was entitled to judgment against the other. Judgment was entered accordingly. The plaintiff has appealed.

The assignments of error are: (1) That the court erred in refusing to enter requisite findings; and (2) the court refused to comply with Rem. Rev. Stat., § 367.

No statement of facts is brought up on the appeal. Section 367, Rem. Rev. Stat., says that, on the trial of an issue of fact by the court, the decision shall be given in writing and filed, and that the facts found and conclusions of law shall be separately stated and judgment on the decision shall be entered accordingly.

■ There is no question that, under section 367 of the code, it is the mandatory duty of the trial court to make findings of fact. However, it is not necessary, as appellant seems to contend, that the findings shall set out in detail subordinate facts or specific evidence or circumstances with respect thereto. The test is given in *Keller v. Waddington,* 142 Wash. 474, 253 Pac. 646, namely:

"There was a finding on every material issue, and the findings are general only in the sense that the court found the ultimate, rather than the evidentiary facts. There is no requirement by statute or by general rule that the court find more than the ultimate facts, nor more than those that are material."

To the same effect, see *Heney v. Hubbard,* 129 Wash. 39, 224 Pac. 17; *Gray v. Fuller,* 85 Wash. 13, 147 Pac. 402; *Clambey v. Copland,* 52 Wash. 580, 100 Pac. 1031; 64 C. J., p. 1251, § 1099; Hyatt on Trials, 1924 ed., § 1989.

The findings made and entered in this case were sufficient. There was no error in refusing to sign those proposed by the appellant.

Affirmed.

BEALS, C. J., MAIN, STEINERT, and MILLARD, JJ., concur.