[No. 25900. Department One. April 13, 1936.]

BERNICE B. SHORROCK, *Respondent,* v. HENRY VICTOR
SHORROCK, *Appellant.*[1]

*John S. Robinson,* for appellant.

*Stratton & Kane, Herbert S. Little,* and *Robert L.
Palmer,* for respondent.

GERAGHTY, J.—This appeal is from an interlocutory
decree of divorce. The only contention argued by ap-
pellant in his brief is that the court had not acquired
jurisdiction over his person. No bill of exceptions or
statement of facts has been certified to this court.

In the trial court, the appellant first appeared spe-
cially by motion to quash and challenged the court's
jurisdiction, upon the ground that no proper service
of summons and complaint had been made upon him.
In support of his motion, he filed several affidavits.
At the hearing upon the motion, the respondent filed

'Reported in 56 P. (2d) 674.

controverting affidavits. The court made an order denying the motion.

While the affidavits of the parties are brought here in the transcript, they cannot be considered, since we have repeatedly held that affidavits used upon a hearing before the trial court cannot be considered unless, by the certificate of the trial judge, they are made a part of the record by inclusion in the statement of facts or bill of exceptions. It is not sufficient that they be found in the clerk's transcript. *Thurman v. Kildall*, 80 Wash. 283, 141 Pac. 691; *Marsh v. West Fir Logging Co.*, 154 Wash. 137, 281 Pac. 340; *Webb v. Webb*, 178 Wash. 309, 34 P. (2d) 920.

Following the denial of his motion to quash, the appellant, without waiving his special appearance, filed an answer to the complaint. Thereafter, a trial was had, and the court made findings of fact and conclusions of law favorable to respondent. Prior to the entry of the findings, conclusions, and decree, the appellant filed a formal written objection to their entry, contending that the court had violated his rights, secured by the fourteenth amendment to the constitution of the United States and Art. 1, § 3, of the constitution of the state of Washington, in that he had been, and would thereafter be, deprived of his property without due process of law, by reason of the expense incurred, and to be incurred, in defending against the suit brought by respondent, in the absence of proof that he was summoned into court in the manner provided by law.

In the state of the record, our inquiry is limited to the question whether the findings, on the issue of service, sustained the decree. In his answer, appellant alleged that he was informed that the summons and complaint before him had been left with his aunt, Stella Henry, at the home of his mother at 721 west

Galer street in Seattle; that he had not lived at that address since May, 1930, although he had stayed there temporarily for five days, June 3 to June 8, 1934. He further alleged that he had had no usual place of abode or residence of any kind whatever within the state of Washington since his compliance with the respondent's request that he leave their home, on June 3, 1934, nor had he been within the territorial limits of the state of Washington at any time since June 18, 1934.

The court found:

"That on or about the 3rd day of June, 1934, when the plaintiff and defendant separated, each of them abandoned their marital place of abode, and the plaintiff went to live, and took up her place of abode with her mother in Raymond, Washington, and the defendant went to live, and took up his place of abode at his mother's home at No. 721 West Galer Street, Seattle, Washington. That on or about the 8th day of June, 1934, the defendant left his home at No. 721 West Galer Street on a vacation trip into various parts of the state of Washington, through Oregon and into California and Nevada. That the summons and complaint were served upon the defendant in King County, Washington, by leaving a true and correct copy of the same at the home and usual place of abode of the defendant at No. 721 West Galer Street with one Stella Henry, a person of suitable age and discretion, on the 25th day of June, 1934, and that on said date the defendant had not acquired any other usual place of abode or residence, but still intended to return and continue to live at his home at No. 721 West Galer Street."

The appellant questions the sufficiency of this finding, in that Stella Henry, upon whom the substituted service was made at the Galer street residence, was not found to have been "then resident therein," in literal compliance with the provisions of Rem. Rev.

Stat., § 226 [P. C. § 8438], in relation to the service of summons:

"12. In all other cases, to the defendant personally, or by leaving a copy of the summons at the house of his usual abode with some person of suitable age and discretion then resident therein. Service made in the modes provided in this section shall be taken and held to be personal service; . . ."

It is apparent from its finding that the court had in mind the specific issue raised by the answer as to appellant's residence and house of usual abode. In his answer, the appellant raised no issue as to the qualification of his aunt, Stella King, as a person of suitable age and discretion then resident in the mother's home, his sole contention being that he was not himself resident or domiciled there at the time of service.

What is said by this court in *Harbican v. Chamberlin*, 82 Wash. 556, 144 Pac. 717, is peculiarly appropriate in connection with the consideration of the objection made by appellant to this finding:

"So far as we are advised, no court has yet held that the failure to find every probative fact necessary to the establishment of the ultimate facts upon which a decree is founded, will, in the absence of a timely request for such complete findings, render the findings of the ultimate fact insufficient to sustain the decree. This court has uniformly held to the contrary. To sustain the appellants' view would place upon the trial judge the intolerable burden of making, on its own initiative, a specific finding on every probative fact of which there was any evidence. It would require him to make the findings almost as voluminous as the statement of facts on pain of a reversal for insufficient findings. Indulging every intendment against the findings, the most that can be said of them, in the absence of the evidence, is that the fourth finding is defective or incomplete. We have consistently held that, where the findings are merely defec-

tive, it will be presumed that the evidence supports the judgment. If this presumption is to be overcome, the evidence, as well as the defective finding, must be brought to this court in such manner and upon such exceptions as to enable us to review it.''

While the case from which this quotation is taken was one in equity, we think the reasoning equally applicable here. There is nothing in the record negativing the inference that Stella Henry, appellant's aunt, was residing with the mother in the home on Galer street at the time the summons and complaint were delivered to her.

The issue of proper service required to give jurisdiction having been raised by appellant's answer, it was a question of fact necessary to be determined by the court in the first instance, before proceeding to a determination of the other issues in the cause. The court's findings and decree were adverse to appellant's contention, and we must assume, in the absence of any record to the contrary, that there was sufficient evidence competent to support the decree.

The interlocutory decree will be affirmed.

MILLARD, C. J., MITCHELL, TOLMAN, and STEINERT, JJ., concur.