[No. 27611. Department One. December 16, 1939.]

JOSEPH B. TAYLOR, *Respondent*, v. PETE LUBETICH *et al.*, *Appellants.*[1]

[1]Reported in 97 P. (2d) 142.

*Smith & Matthews* and *Beverly S. Wilkerson,* for appellants.

*Peyser & Bailey* and *John D. Cartano,* for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries and expenses incurred as the result thereof, and for damage to an automobile. The action was tried to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiff was entitled to recover upon each of the items mentioned. Judgment was entered against the defendants in the sum of eighty-five hundred dollars, and from this judgment, the defendants appeal.

The facts, as they appear in the findings, will be

summarized as follows: The accident which caused the bringing of the action occurred on the Pacific highway, in the city of Tenino, while the truck-trailer was rounding a curve, driven at the time by the appellant J. W. Mermod, who, with Pete Lubetich, by whom he was employed, will be referred to as the only appellants. The accident occurred May 4, 1938, at about four o'clock in the afternoon. The truck-trailer was proceeding north, and the respondent was proceeding south in an automobile driven by himself. Each was approaching the curve. While rounding the curve, the truck-trailer proceeded with its left wheels over the center line of the pavement, which was twenty feet wide. The respondent, appreciating the dangerous situation in which he was placed, drove his automobile off of the pavement onto the gravel shoulder on his side of the road. The truck-trailer did not make the curve, but crossed the pavement and struck the respondent's automobile, and it was in this collision that the respondent was injured and the automobile damaged.

Other facts will be stated in connection with the particular points to which they may be relevant. In considering the questions, we will follow the order in which they appear in the appellants' opening brief.

■ It is first contended that the accident was unavoidable, for the reason, as it is claimed, that, while the truck-trailer was rounding the curve, there was a break in a part of the mechanism controlling the steering wheel. The trial court was not impressed with the testimony in support of this contention, and we entertain the same view. Assuming, however, that there was a break in the mechanism, it does not necessarily follow that the accident was unavoidable. The trial court found, and the evidence supports the finding, that the truck-trailer approached the curve

at an unlawful rate of speed, and for this reason the operator thereof lost control of it, and that was the reason that it crossed to its left side of the road and struck the automobile.

The burden was on the appellants to support their contention that there had been a break in the mechanism and that this caused the truck-trailer to move over onto its wrong side of the highway. *Lauber v. Lyon,* 188 Wash. 644, 63 P. (2d) 389. We are in accord with the finding of the trial court to the effect that the truck-trailer was negligently operated as it approached the curve and while it was rounding the same.

██ It is next contended that the court's finding No. 8, that the respondent had incurred seven hundred dollars' expense up to the time of the trial, was not supported by evidence of the reasonable value of the items that were used to make up the seven hundred dollars. Included in this sum was a number of items which may be divided into three classes. Some of them are supported by evidence that the amounts stated were the reasonable value thereof. One does not state "reasonable value," but "fair value," which, according to Webster's New International Dictionary, has the meaning, in this connection, of "reasonable." It would be too technical to hold that, because the word "reasonable" was not used, the item is not supported by evidence.

Two or three items were not supported by evidence, but upon the trial, with reference to these, a colloquy took place between the then counsel for the appellants and counsel for the respondent, and it is reasonable to infer therefrom that the respondent's counsel was led to believe that they would not be required to prove the reasonable value of these items.

There were some items of expense which were not supported by any evidence of reasonable value. How-

10

ever, when the three classes above mentioned are added together, which, as indicated, are sustainable, they aggregate more than the seven hundred dollars found by the trial court. The appellants offered no evidence in resistance of the amounts claimed by the respondent, or that the sums sought were not the reasonable value of the services. The finding here being considered was sufficiently supported by the evidence offered.

In connection with this item, it is further said that the finding was defective because it was not stated therein that the seven hundred dollars was the reasonable value of the services for which that item was allowed. The court was not required to do other than find the ultimate facts. It was not necessary that evidentiary facts be stated in the findings. *Keller v. Waddington,* 142 Wash. 474, 253 Pac. 646. The finding was not defective because it did not use the words "reasonable value."

It is next contended that the trial court's finding of fact to the effect that the respondent will be obliged to incur future medical expense, does not support the judgment. For this item, the sum of three hundred dollars was allowed. The respondent was entitled to recover for such future pain and suffering as was reasonably certain to result from the injury, and expenses for such future medical attention which it was reasonably certain he would incur in the future. *Webster v. Seattle, R. & S. R. Co.,* 42 Wash. 364, 85 Pac. 2; *Ongaro v. Twohy,* 49 Wash. 93, 94 Pac. 916; *Lieske v. Natsuhara,* 165 Wash. 270, 5 P. (2d) 307; *Auerbach v. Webb,* 170 Wash. 567, 17 P. (2d) 1. The allowance of three hundred dollars for the purposes stated was a proper item of expense.

It is next contended that the evidence does not support the finding of fact to the effect that the dif-

ference in the market value of the respondent's automobile before and after the accident was five hundred dollars. The appellants offered no evidence upon the amount of damages to the automobile, but take the position that, inasmuch as the repair bill was less than five hundred dollars, that should be the amount of the award. But this contention cannot be sustained. The rule is, and the appellants admit it, that the measure is the difference between the reasonable value before and after the accident. This item was, likewise, properly allowed.

It is finally contended that the evidence does not support the finding as to the seven thousand dollar item. As stated in the court's findings, this was allowed

" . . . for the nervous shock sustained by him as a result of the said accident, the pain and suffering sustained and to be sustained in the future, the reasonable value of the loss of time sustained by him to date from his work and which, with reasonable certainty, will be sustained by him in the future, and for his bodily injuries."

At the time of the trial, the respondent was seventy years of age and had a life expectancy of eight and one-half years, and, while he had ceased to do the heavy work, he did such items as building fences, shingling houses, and digging a trench for a water pipe. At the time of the accident, the respondent had an arthritic condition in his hips and spine, but this did not interfere with his doing the work such as just mentioned. He suffered no broken bones by reason of the collision between the two vehicles, but the result was that the arthritic condition was lighted up and made active, and he suffered intense pain therefrom. The trial court found, and the evidence supports the finding, that he was permanently partially disabled.

While the medical testimony is in dispute as to the extent of the disability and the pain and suffering resulting from the accident, we are of the view that it shows that the respondent will not be able to do the same character of work in the future as he has done in the past. One of the doctors, and the one that we believe, owing to his having treated the respondent for a considerable period of time, was in the best position to know, stated that the respondent would be able to do heavy work of a manual character for a short while, but not for any length of time, and further stated: "I would advise against his doing farm work." This doctor, in order to alleviate the pain which the respondent suffered in his back and hips, prepared a brace which the respondent wore and was wearing at the time of the trial, which occurred approximately eight months after the accident.

Taking into consideration the loss which the respondent sustained up to the time of the trial by reason of his inability to do the work which he had previously done on his ranch or ranches, and the loss which he will sustain by being unable to do that same work in the future, and the further fact that he was permanently partially disabled, together with the pain and suffering up to the time of the trial and which he would reasonably endure in the future, we think that we would not be justified in reducing the seven thousand dollars to a lower sum.

The judgment will be affirmed.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.