[No. 32236. *En Banc.* February 26, 1953.]

ROBERT A. BOWMAN *et al., Appellants,* v. W. E. WEBSTER *et al., Respondents.*[1]

*Ralph B. Potts,* for appellants.

*Ferd J. Schaaf,* for respondents.

HAMLEY, J.—In this action for specific performance, the vendees of residence property in Seattle ask that the vendors be required to deed to them a certain triangular area adjacent to the land described in the contract and deed. The complaint in effect, though not specifically, also asks for reformation of the contract to include a description of that triangular area. Plaintiffs ask, in the alternative, that they be awarded damages in the sum of four thousand dollars.

[1]Reported in 253 P. (2d) 934.

It is alleged in the complaint that defendants were the owners of certain lots numbered 21, 22, and 23; that lot 21, which adjoined lot 22 on the west, was unimproved; that lot 22 was occupied by a house; that lawn and flowers on the west side of the house adjacent to lot 21 extended to a certain bulkhead and formed a triangular area; that defendants listed lot 22 for sale with a real-estate agent; that this agent and his associate showed the lot to plaintiffs as prospective purchasers; that it appeared to plaintiffs and was represented to them by the real-estate agents that the triangular area referred to was a part of lot 22 and included within the tract offered for sale; that plaintiffs made known to defendant W. E. Webster that they were pleased with the lawn and flowers, and asked about the bulkhead; and that Webster remained silent as to the true boundary of lot 22 and allowed plaintiffs to buy the house and lot, knowing that plaintiffs believed that the lawn and flowers were on lot 22.

It is further alleged in the complaint that plaintiffs bought lot 22 believing that it included the area in question, paying $14,500; that defendants have now begun the construction of a house on lot 21, and have advised plaintiffs that the triangular area is part of lot 21; that plaintiffs have since had a survey made which reveals that the triangular tract is on lot 21; that defendants have threatened to tear down the bulkhead and tear out the lawn, or put up a fence along the true boundary of lots 21 and 22; and that unless defendants are required to deed the area in question to plaintiffs, the latter will be irreparably damaged.

In their answer, defendants deny that the triangular area of lawn and flower beds gave the appearance of being part of the tract on which the house was located, or that any representation to this effect was made by the real-estate agent; admit that plaintiffs were on the property on an occasion when defendant Webster was present, and that plaintiffs then expressed satisfaction and pleasure with the house and yard, but allege that plaintiffs were then advised as to the true boundaries of lot 22; deny that defendants allowed plaintiffs to buy the house and lot knowing that plaintiffs believed that the lawn and flowers were on lot 22; admit

that they have begun the construction of a house on lot 21 and intend to change the bulkhead and landscaping, but deny that it will cause irreparable damage to plaintiffs.

The cause came to trial on these pleadings before the court without a jury. The testimony was in dispute on the principal issues raised by the pleadings. An additional issue interjected during the trial was whether, by obtaining a mortgage on lot 22, paying off the purchase price in full, and accepting a deed which describes only lot 22, after knowing that a question had been raised concerning the triangular plot, plaintiffs had waived their right to reformation and specific performance or, in the alternative, damages. In connection with this issue, a question of fact was presented, on which the testimony was conflicting, as to whether after dissatisfaction concerning the boundary line arose, defendants agreed to give plaintiffs an easement, or in some other way protect plaintiffs' right to use that area for lawn and flower beds.

Findings of fact and conclusions of law were thereafter entered, on the basis of which the trial court granted judgment for defendants. Plaintiffs appeal.

The first assignment of error is that the trial court erred in not granting judgment for appellants. Neither this nor any other assignment (except one which must be disregarded for reasons hereafter noted) questions any individual finding of fact. Therefore the purport of this first assignment of error is that, on the findings of fact entered, appellants are entitled to judgment.

In support of this contention, appellants first call attention to a portion of finding of fact No. 5. This finding of fact, with the portion relied upon by appellants shown in italics, reads as follows:

"V. That according to the testimony submitted by plaintiffs neither of the defendants nor the realtor ever indicated or pointed out the true westerly boundary of Lot 22 prior to execution of the Real Estate Contract for purchase of the listed property on June 3, 1950, and that no request for such delineation of the boundary was made; *that plaintiffs took it for granted that the westerly boundary of the property being purchased was along the line of the westerly side of*

*the triangle A-B-C shown on Exhibit 1; that because of the
cultivated appearance of the property plaintiffs were en-
titled to assume that the cultivated area in the triangle was
a part of the listed property and that the westerly boundary
thereof was the westerly boundary of the listed property,
and that under the circumstances the defendants were
under the obligation of indicating to plaintiffs the true west-
erly boundary of the listed property."*

Appellants regard the italicized words as a finding of fact
to the effect that, under the circumstances, respondents
were under the obligation of indicating to appellants the
true westerly boundary. They apparently also rely upon
the fact that there is no finding to the effect that respondents
fulfilled that obligation. Arguing that, under such findings,
appellants would be entitled to a judgment unless appel-
lants must be held to have waived their rights, appellants
assume that the trial court must have held that appellants
had waived such rights. Accordingly, appellants argue,
under another assignment of error, that the trial court
erred in holding that these rights had been waived.

As a matter of fact, there is neither a finding nor con-
clusion of law to the effect that appellants had waived any
rights. Hence, without regard to the evidence or applicable
law on the waiver question, appellants would indeed be
correct in arguing that the findings of fact require a judg-
ment in their favor—were it not for one circumstance. That
circumstance is that "finding of fact" No. 5, on which they
rely, is not a finding of fact at all. The introductory words
indicate, as respondents here contend, that No. 5 is merely
a resume of the testimony submitted by appellants, un-
vouched for by the trial court.

Accordingly, it cannot be held that the findings of fact,
in their present form, call for entry of judgment for appel-
lants. Appellants' only assignment challenging a particular
finding of fact involves this same No. 5 and, for the reasons
indicated, must therefore be disregarded.

A further question which is presented by the first assign-
ment of error is whether the findings of fact are adequate
to support the judgment which has been entered for re-
spondents.

There are findings of fact concerning many of the details of the transaction, and "findings" as to what appellants claimed and what the testimony submitted by appellants tended to show. There is, however, no finding that the appearance of the property did or did not amount to a representation that the triangular area was included within the tract to be sold; no finding that the real-estate agents or respondents did or did not point out the true boundary line prior to sale; no finding as to whether appellants were or were not deceived by representations, if any, as to the boundary line; no finding as to whether or not respondent consummated the sale knowing that appellants believed they were buying the triangular area; no finding as to whether or not appellants had knowledge of the true boundary line at the time they obtained the mortgage, paid the balance on the purchase price, and accepted the deed to lot 22; and no finding as to whether, after the controversy over the boundary arose, respondents agreed to grant appellants an easement or in some other way protect the latters' right to use the triangular area.

Rule of the Superior Court 17, 34A Wn. (2d) 118, provides that the trial court shall make findings of fact in all equity cases, and in all law cases tried before the court without a jury. With respect to law cases, this rule of court restates a statutory rule which has stood since 1854. RCW 4.44.050 (Rem. Rev. Stat., § 367).

This rule applies not only in the case of a judgment for the plaintiff, but also where the judgment is for the defendant, in those cases where there has been a complete trial on the merits. *Slayton v. Felt,* 40 Wash. 1, 82 Pac. 173; *Western Dry Goods Co. v. Hamilton,* 86 Wash. 478, 150 Pac. 1171; *Boe v. Hodgson Graham Co.,* 97 Wash. 444, 166 Pac. 779; *State ex rel. Eilers Music House v. French,* 100 Wash. 552, 171 Pac. 527; *Balzer v. Aukamp,* 166 Wash. 268, 6 P. (2d) 614 (setoff); *Hay v. Chehalis Mill Co.,* 172 Wash. 102, 19 P. (2d) 397; *Cleator v. Daniels,* 24 Wn. (2d) 542, 166 P. (2d) 461; *Tobacco v. Rubatino,* 35 Wn. (2d) 398, 212 P. (2d) 1019. See, also, *Mertens v. Mertens,* 38 Wn. (2d) 55, 227 P. (2d) 724.

There are two decisions to the contrary on this point. *Lamar v. Anderson*, 71 Wash. 314, 128 Pac. 672, and *Cochran v. Nelson*, 26 Wn. (2d) 82, 173 P. (2d) 769. The *Cochran* case cites the *Lamar* case and *Wise v. Vaughan*, 160 Wash. 505, 295 Pac. 126. The *Wise* case did not involve a judgment entered after a complete trial, but rather a judgment entered at the conclusion of the plaintiff's case. The *Lamar* case was, in effect, overruled in *Boe v. Hodgson Graham Co., supra*. The *Cochran* case, while never expressly overruled, was decided prior to the *Tobacco* and *Mertens* cases, which reached the opposite conclusion. See, also, *Kinney v. Sando,* 28 Wn. (2d) 252, 182 P. (2d) 45, which recognizes, by implication, the rule that findings of fact are required where judgment for the defendant has been entered after a full trial. Accordingly, the *Cochran* case cannot now be regarded as authority to the contrary.

■ This rule does not require the trial court to make findings in regard to every item of evidence introduced in a case. *Harbican v. Chamberlin*, 82 Wash. 556, 144 Pac. 717; *Dillabough v. Okanogan County*, 105 Wash. 609, 178 Pac. 802; *Walters v. Munson*, 176 Wash. 469, 30 P. (2d) 224; *Shorrock v. Shorrock*, 185 Wash. 623, 56 P. (2d) 674; *Taylor v. Lubetich*, 2 Wn. (2d) 6, 97 P. (2d) 142; *Williamson v. United Brotherhood of Carpenters & Joiners of America*, 12 Wn. (2d) 171, 120 P. (2d) 833.

It is necessary under the rule, however, for the trial court to make the ultimate findings of fact concerning all of the material issues. *Dillabough v. Okanogan County, supra*; *Kinnear v. Graham*, 133 Wash. 132, 233 Pac. 304; *Keller v. Waddington*, 142 Wash. 474, 253 Pac. 646; *Walters v. Munson, supra*. In the *Kinnear* case, *supra*, we made this statement, referred to with approval in the recent case of *Mertens v. Mertens*, 38 Wn. (2d) 55, 227 P. (2d) 724:

"The purpose of findings is to enable this court to review the questions upon appeal, and when it clearly appears what questions were decided by the trial court, and the manner in which they were decided, we think that the requirements have been fully met." (p. 133.)

Where the findings of fact are incomplete or defective in some particular so that a doubt exists as to the theory on which the case was decided, we are sometimes able to overcome the difficulty by referring to the oral or memorandum decision of the trial court. *Kinnear v. Graham, supra; Mertens v. Mertens, supra; Payne v. Vinecore,* 40 Wn. (2d) 746, 246 P. (2d) 448. The conclusions of law occasionally can be made to serve a similar function.

Here, however, findings of fact on the basic issues are nonexistent. Moreover, there is no oral or memorandum opinion. The conclusions of law consist of one sentence, to the effect that respondents are entitled to judgment. We do not know whether the court found for respondents on the ground that appellants failed to prove that there was a misrepresentation upon which they relied, or on the ground that appellants waived their right to obtain reformation and specific performance, or damages, by reason of their conduct after learning of the true boundary. The result is that appellants have been deprived of an opportunity to challenge findings of fact, and any consideration by us of the legal questions involves speculation as to just what legal theory the trial court pursued.

When presented with such a situation in the past, we have followed one of three courses. The most extreme remedy we have invoked has been to reverse and remand for a new trial. *Kennedy v. Derrickson,* 5 Wash. 289, 31 Pac. 766; *Jones v. Bard,* 40 Wn. (2d) 877, 246 P. (2d) 831. The most lenient remedy, utilized where one finding of fact was incomplete, has been to remand (without reversal) giving the parties an opportunity to file additional arguments after the necessary finding has been supplied. *Michaelson v. Hopkins,* 37 Wn. (2d) 453, 224 P. (2d) 350.

The remedy most frequently applied has been to reverse and remand with instructions to the judge who tried the action to make and enter the necessary findings of fact and conclusions of law, to be followed by the entry of judgment from which either party may appeal. *Colvin v. Clark,* 83 Wash. 376, 145 Pac. 419; *Western Dry Goods Co. v. Hamil-*

ton, *supra*; *Boe v. Hodgson Graham Co., supra*; *Barto Co. v. Aylmore*, 125 Wash. 394, 216 Pac. 857; *State ex rel. Dunn v. Plese*, 134 Wash. 443, 235 Pac. 961; *Balzer v. Aukamp, supra*; *Hay v. Chehalis Mill Co., supra*; *State ex rel. Helwig v. Superior Court*, 176 Wash. 478, 29 P. (2d) 930; *Kietz v. Gold Point Mines*, 198 Wash. 112, 87 P. (2d) 277; *Buob ·v. Feenaughty Machinery Co.*, 199 Wash. 256, 90 P. (2d) 1024; *Cole v. Osborne*, 21 Wn. (2d) 577, 152 P. (2d) 152; *Cleator v. Daniels, supra*; *Tobacco v. Rubatino, supra*; *Mertens v. Mertens, supra*. A statement of the reasons why, in such a situation, it is preferable to afford this remedy rather than to require a new trial, is set out in *Colvin v. Clark, supra*. Of course, where the trial judge who entered inadequate findings is no longer on the trial bench, the only recourse is to grant a new trial. *Svarz v. Dunlap*, 149 Wash. 663, 271 Pac. 893.

Of the decisions last cited, the *Western Dry Goods Co., Boe, Svarz, Hay, Cleator, Tobacco* and *Mertens* cases involved, as in the instant case, an appeal from a judgment for the defendant. The *Balzer* case has similar significance, since it was with respect to an alleged set-off that the court failed to make findings.

Superior Court Rule 15, as amended on March 27, 1952 (34A Wn. (2d) pocket part), provides that a judgment entered without findings of fact having been made is subject to a motion to vacate. This rule relates to a case where there is a complete absence of findings of fact. The rule therefore has no application here.

■ Following the precedent supplied by ·the decisions last referred to, the judgment in the instant case is set aside and the cause is remanded, with directions to the judge who tried the action to make and enter findings of fact concerning the material issues, as noted above, with appropriate conclusions of law, to be followed by the entry of judgment, from which either party may appeal. Costs on this appeal shall abide the result of the action.

GRADY, C. J., HILL, FINLEY, and WEAVER, JJ., concur.

OLSON, J. (dissenting)—As the majority opinion states, findings of fact on the basic issues are nonexistent in this case.

We can only review the record which appellants bring to this court. If that record is insufficient to sustain the relief sought by the appeal, it would seem to follow that the appeal must fail.

MALLERY, SCHWELLENBACH, and DONWORTH, JJ., concur with OLSON, J.