[No. 35332. Department Two. September 8, 1960.]

*In the Matter of the Estates of* BETTY MAE WATERS *and* LEONARD DEYLONE WATERS, *Deceased.*[1]

*Will M. Derig, pro se.*

*Newman & Newman* (*Lee L. Newman,* of counsel), for respondent.

FINLEY, J.— This is an appeal by Will M. Derig from a judgment awarding him the sum of two hundred fifty dollars as payment in full for services rendered as attorney for the administratrix of the estates of Betty Mae Waters and Leonard Deylone Waters, both deceased. Appellant Derig contends that the aforesaid amount is inadequate in relation to the time and effort he expended in handling the business and affairs of the estates. Respondent administratrix takes issue with appellant's claims. Principally, she asserts that appellant has already been paid for certain of the services for which he now seeks compensation. The

[1]Reported in 355 P. (2d) 8.

amount to be awarded to an attorney, as compensation for services rendered for an estate, is essentially within the discretion of the trial court. *In re Krueger's Estate* (1941), 11 Wn. (2d) 329, 119 P. (2d) 312. However, in the instant case we are unable to determine whether that discretion was properly exercised, since the trial court has entered no findings of fact relating to the disputed factual issues raised by the parties. Therefore, in accordance with the views expressed in *Bowman v. Webster* (1953), 42 Wn. (2d) 129, 253 P. (2d) 934, and cases cited therein, the judgment of the trial court is set aside, and the cause remanded with directions to the judge who tried the action to make and enter findings of fact concerning the material issues, appropriate conclusions of law, and to enter judgment thereon from which either party aggrieved may appeal.

Costs on this appeal shall abide the result of the action.

WEAVER, C. J., ROSELLINI, FOSTER, and HUNTER, JJ., concur.