WASSON v. COLLETT et al.

No. 34165. July 3, 1951.

Rehearing Denied April 1, 1952.

*242 P. 2d 703.*

W. A. Barnett, Okmulgee, for plaintiff in error.

Tom Payne, Okmulgee, for defendants in error Charles and Claudia Collett.

Harry DuVal Pitchford, Jr., Okmulgee, for defendant in error Riley Motor Company.

HALLEY, J. Neva Lou Wasson, formerly Neva Lou Tedlock, died intestate in Okmulgee county, Oklahoma, on May 2, 1948. She left as her heirs her husband, H. O. Wasson, and two daughters by a former marriage, Sybil Lambellotte and Claudia Collett.

Mrs. Wasson left certain personal property, including $100 in currency and one 1941 model Hudson pickup truck. These two items are involved in this action.

H. O. Wasson qualified as administrator of the estate of Neva Lou Wasson, deceased, on June 4, 1948, and on July 13, 1948, he filed this action in the district court of Okmulgee county against Charles Collett and wife, Claudia Collett, and Riley Motor Company, a copartnership composed of E. B. Riley and others. It was alleged that the $100 was delivered by H. O. Wasson to Charles Collett for safekeeping prior to the appointment of the administrator, and that on May 10, 1948, Claudia Collett and her husband had wrongfully induced the Oklahoma Tax Commission to issue a certificate of title to Claudia Collett with the aid of Riley Motor Company, and that she later sold the truck to Riley Motor Company for $550. The truck was alleged to be worth $1,000. H. O. Wasson alleged that Charles Collett had refused to return the $100 to him, as administrator, and that Riley Motor Company had refused to return the truck to him as administrator.

H. O. Wasson, administrator, filed this action against all of the defendants under section 292, 58 O.S. 1941, which provides in substance that if any person, before the granting of letters of administration, "embezzles or alienates" any of the property of the decedent, he is chargeable therewith and liable to an action by the administrator "for double the value of the property so embezzled or alienated to be recovered for the benefit of the estate." Plaintiff prayed for judgment for double the $100 in cash and double the alleged value of the truck, $1,000, or a total of $2,200.

Charles and Claudia Collett answered by general denial. Riley Motor Company admitted ownership of the truck in the decedent, and that it purchased the truck at its fair value of $550 from Claudia Collett after she had obtained a certificate of title from the Oklahoma Tax Commission. Riley Motor Company further alleged that the plaintiff and the Colletts agreed to sell the truck to Riley Motor Company and apply the proceeds to the payment of the mortgage indebtedness to the Citizens National Bank in Okmulgee in the sum of $104, and to the payment of funeral expenses, but that plaintiff had developed a scheme to enrich himself and others by this action, and that he should be estopped in equity; and that Riley Motor Company had expended $221 in repairing the truck after its acquisition by that company.

At the conclusion of all of the evidence, each party moved for a judg-

ment, and the court thereupon rendered judgment requiring the Colletts to return to the plaintiff $90 of the cash received by them, it being shown that they had expended $10 in paying a doctor's bill and making a long-distance telephone call to relatives. The court further decreed that the Colletts should turn over to the plaintiff $446, and that the plaintiff should in turn pay to Riley Motor Company the sum of $550, and that Riley Motor Company should turn the truck over to H. O. Wasson, administrator, impressed with a lien thereon in favor of Riley Motor Company in the sum of $200 for repairs made to said truck.

The plaintiff in error argues that error was committed in admitting in evidence the final report of Neva Lou Tedlock, administratrix of the estate of Clyde Norman Tedlock, deceased, and a copy of the order of distribution of the county court, which ordered that the title to the truck in question be transferred to' Neva Lou Tedlock individually, it being stipulated that Neva Lou Tedlock and Neva Lou Wasson, now deceased, were one and the same person. We do not think it is necessary to discuss this question, as we are disposing of the case on another issue; but we see no error in the admission of these documents.

Defendant Claudia Collett is shown by plaintiff's exhibits A and B to have filed with the Oklahoma Tax Commission an erroneous affidavit to the effect that the truck "has not been disposed of by will, bequeathed to anyone other than the undersigned; that the undersigned is daughter of the deceased; that no person living would have prior right." On this affidavit the Tax Commission issued a certificate of title to Claudia Collett on May 9, 1948, just seven days after the death of her mother, Neva Lou Wasson, and prior to the appointment of plaintiff, H. O. Wasson, as administrator. Mr. Riley, who bought the truck, admitted that he had no dealings with H. O. Wasson as admin-

istrator. Plaintiff testified in rebuttal, and denied flatly the testimony of defendants that he gave his consent to the sale of the truck, or that he declined a return of the $100 in cash, as testified by some of the defendants. There is no question but that after his appointment as administrator he requested the return of the money and of the truck.

The plaintiff raises the question of constitutional provisions vesting original jurisdiction of probate matters in the county court, and contends that the judgment rendered has the effect of depriving the estate of the deceased of personal property without due process of law. It is unnecessary to go into this question because of the fact that this is simply a suit by the administrator to recover under sec. 292 of Title 58, O.S. 1941. He prays only for money damages in double the value of the property which he claims was alienated and money in cash that was allegedly embezzled. In our opinion, the judgment of the trial court was erroneous because of the fact that it directed the return of personal property and gave a lien against it when such return was not asked for in the petition or raised in the pleadings. The judgment does not conform to the pleadings and the proof. We have held that a judgment which is entirely outside the issues and on a matter not submitted to the court for its determination is a nullity. Anglea v. McMaster, 17 Okla. 501, 87 P. 660; Bishop v. Franks, 188 Okla. 196, 107 P. 2d 358.

The trial court by this judgment held against the application of the "family settlement doctrine" urged by Riley Motor Company.

The judgment is reversed and the cause remanded, with instructions to grant plaintiff a new trial.

LUTTRELL, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.