H. O. WASSON, as the Administrator of the Estate of Neva Lou Wasson, Deceased, Plaintiff in Error,

v.

Charles COLLETT, Claudia Collett, and the Riley Motor Company, Defendants in Error.

No. 36048.

Supreme Court of Oklahoma.

Dec. 14, 1954.

Russell & Inglish, Okmulgee, for plaintiff in error.

Richard A. Hays, Okmulgee, for defendants in error Charles Collett and Claudia Collett.

Thomas E. Moore, Okmulgee, for defendant in error Riley Motor Co.

DAVISON, Justice.

This is an action to recover double damages under the provisions of 58 O.S.

1941 § 292, brought by H. O. Wasson, Administrator of the Estate of Neva Lou Wasson, deceased, as plaintiff, against Charles Collett, Claudia Collett and Riley Motor Company, as defendants. On a former appeal, this court reversed the judgment and remanded the cause for a new trial. Wasson v. Collett, 206 Okl. 248, 242 P.2d 703. The parties will be referred to as they appeared in the trial court.

On June 4, 1948, H. O. Wasson was appointed administrator of the estate of his deceased wife, Neva Lou Wasson, formerly Neva Lou Tedlock, who had theretofore died intestate on May 2, 1948. Other than her husband, she left, as her sole heirs, her two daughters by a former marriage, Claudia Collett, one of the defendants herein, and Sybil Lambollette. The above named plaintiff filed this action on July 13, 1948, seeking double recovery for $100 and for a 1941 Hudson pickup motor vehicle, property of said decedent at the time of her death and allegedly converted by said defendants prior to the appointment of the administrator.

It was established by the evidence that, at the time of her death, the deceased was the owner of a 1941 Hudson cab pickup which she had inherited from her former husband and that she had five twenty-dollar bills secreted in her bed. Immediately after Mrs. Wasson died, plaintiff removed the money from the bed and handed it to the defendant, Charles Collett, who, in turn, handed it to his sister-in-law, Sybil Lambollette. She is not a party to this litigation. After the funeral of the deceased on May 5, 1948, Mrs. Lambollette also took the pickup. On May 6, the defendant Claudia Collett attempted to sell the vehicle and, being unable to do so without a title certificate in her name, she made proper application and had a certificate issued to her. She then sold the truck to the defendant, Riley Motor Company, for $550. Out of the sale price, she paid the mortgage thereon in the amount of $104.

At the trial, the court sustained the demurrer of Riley Motor Company to the evidence of plaintiff, judgment was rendered in favor of Charles Collett and plaintiff was awarded a judgment against Claudia Collett for $446 (being $550 less $104). From that judgment, plaintiff has perfected this appeal.

In the judgment appealed from, the court found that the evidence was insufficient to establish a case against Riley Motor Company; that neither Charles Collett nor his wife, Claudia Collett, converted the $100, the same having been delivered to Sybil Lambollette, one of the heirs; that, subsequent to the death of Neva Lou Wasson, her heirs entered into an agreement to sell the pick-up and pay the mortgage thereon and also pay the funeral expenses. The evidence is in sharp conflict on this last finding of fact but there is ample evidence supporting it. This court has unerringly held in all previous cases that, in an action at law, the judgment or finding of the trial court will not be disturbed on appeal if there was any evidence reasonably tending to support it.

The following quotation from the case of Rutherford v. Thompson, 14 Or. 236, 12 P. 382, was adopted by this court in the case of Shawnee Nat'l Bank v. Van Zant, 84 Okl. 107, 202 P. 285, 26 A.L.R. 1349, to-wit:

"When, in an action of trover brought by the executrix of a decedent to recover damages for the conversion of personal property belonging to the estate, the evidence shows that the property came to the hands of defendant, by direction of plaintiff, to be sold by him, and that he sold the same, and applied the proceeds to the payment of debts of the deceased, it cannot be said that he has converted the property to his own use, but to the use and benefit of the estate."

and, in the case of In re Wagner's Estate, 178 Okl. 384, 62 P.2d 1186, 1191, it was held that,

"Where, before the appointment of an administrator, money belonging to the estate of a decedent is used by her husband to pay just and reasonable expenses of the funeral of the decedent, such action does not constitute either embezzlement or alienation within the terms of section 1219, O.S.1931 [58 O.S.1951 § 292]. Nichols & Shepard Co. v. Dunnington, 118 Okl. 231, 247 P. 353."

In the case at bar, the facts as found by the trial court were that the car or truck was sold by the defendant Claudia Collett for the purpose of paying off the mortgage and of paying funeral expenses. Before that was done, plaintiff was appointed administrator and this conflict had developed. At the time of the transfer of title, the intent was the same as though the said expenses were later paid. All of the heirs had agreed to the transaction. Therefore, there was no embezzlement or alienation as contemplated by 58 O.S.1941 § 292, and consequently no liability for double the value of the property. Since, however, said defendant did not pay the bill, the trial court was correct in holding that she was liable to plaintiff for the net amount of money in her hands belonging to said estate.

If said defendant did not alienate the property in selling it, Riley Motor Company had no part in any alienation because of buying it. Having come to this conclusion on the entire evidence, the questions presented on the proposition of the demurrer to the evidence need not be determined. As to the $100, there was an entire failure of any proof that the defendants here had anything to do with it.

The judgment of the trial court is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, ARNOLD, O'NEAL, and WILLIAMS, JJ., concur.