[No. 1007-1.   Division One—Panel 2.   May 15, 1972.]

Lois W. Jacobson, *as Administratrix, Appellant,* v.
Gordon O. Lawrence *et al., Respondents.*

*Cartano, Botzer & Chapman* and *Robert A. O'Neill,* for
appellant.

*Betty Taylor Howard,* for respondents.

Farris, A.C.J.—The sole issue on appeal is whether the
conclusions of law and the judgment are supported by the
trial court's findings of fact. The only record before us is an
agreed statement of facts which includes the following:  (1)

the oral opinion of the trial court; (2) the trial court's findings of fact and conclusions of law; (3) the judgment entered by the trial court; (4) the notice of appeal; and (5) the cost bond on appeal.

The parties to the action are sister and brother (and the brother's wife). They are two of the surviving children of Bessie A. Lawrence, deceased. Upon the death of their mother, it is alleged on oral argument that the brother continued to collect rents from real property owned by the mother (who lived with him at the time of her death) as he had done during her lifetime, and applied those rents to the payment of taxes on the property and to the funeral and burial expenses of his mother. Under the terms of the deceased mother's will, her children were devised the real property in equal shares. The house, a single family dwelling, was destroyed by fire. The failure to insure the structure is the act which gives rise to this cause of action. It was not alleged that Mr. Lawrence was in any way responsible for the fire.

The facts in issue before the trial court raised several questions including (1) whether the acts of Mr. Lawrence under all of the circumstances amounted to intermeddling with the assets of the estate; (2) whether in this state a person who intermeddles with real estate will be liable under RCW 11.48.180; and (3) whether the acts of Mr. Lawrence were performed without any indication that he was possessed of authority to administer the estate, but instead under color of right (as an owner of an undivided interest in the property) or as acts merely of kindness and charity. The trial court's resolution of these questions is not reflected in the findings of fact and is therefore not before us.

The trial court found as a fact:

> The Defendant, GORDON O. LAWRENCE, was named as Executor under the Last Will and Testament of the said BESSIE A. LAWRENCE, and upon her death, assumed duties as de facto Executor in the management of the estate of the said BESSIE A. LAWRENCE. However, the said GORDON

O. LAWRENCE took no action to admit the will of the said BESSIE A. LAWRENCE to probate but did assume control of the real property of the estate which was a single dwelling and the real property whereon the same was situated in Cashmere, Washington, being the following described real property:

The South 300 feet of Lot 3, Riverview Addition to Cashmere, according to the plat thereof recorded in Volume 1 of Plats, page 84, records of said county. EXCEPTING, the west 120 feet thereof lying southerly of the southerly right-of-way line of Norman Avenue, AND EXCEPTING the portion thereof included within right-of-way of Norman Avenue.

Finding 3.

The said BESSIE A. LAWRENCE died on October 10, 1968 and from that date until March 7, 1969, when the fire occurred on the above described premises, the said GORDON O. LAWRENCE collected rents from said premises, paid the taxes thereon and assumed full control thereof as the de facto Executor of the estate.

Finding 4.

The said GORDON O. LAWRENCE in the management of said property was aware that the same was not insured against fire. He was aware that he was acting in a fiduciary capacity on behalf of the heirs of the Estate of BESSIE A. LAWRENCE and that there existed a risk of loss of the premises by fire. Nevertheless, he failed to obtain fire insurance on said premises although it was practicable for him to obtain such insurance.

Finding 5.

On or about March 6, 1969, the improvements on said premises were totally destroyed by a fire. The value of said property previous to the fire was $8,200 and after the fire was $1,400.

Finding 6.

Conclusion of law 2 states:

There was no active interference by the Defendants with the estate of the Deceased and the Defendants are entitled to a judgment of dismissal.

The trial court entered judgment for the defendant. The

conclusion of law and the judgment are inconsistent with the findings of fact.

■ If Mr. Lawrence assumed full control of the property in question *as the de facto executor of the estate* and, while acting in a fiduciary capacity on behalf of the heirs of the estate of Bessie A. Lawrence, knew that there was a risk of loss by fire and failed to obtain fire insurance although it was practicable for him to obtain such insurance, it is inconsistent to conclude that he did not actively interfere with the estate of the deceased.

RCW 11.48.180 provides:

> No person is liable to an action as executor of his own wrong for having taken, received or interfered with the property of a deceased person, but is responsible to the personal representatives of such deceased person for the value of all property so taken or received, and for all injury caused by his interference with the estate of the deceased.

At common law a creditor could recover from any person who intermeddled with personal property of the decedent. Whether the person had intermeddled depended upon whether his acts were of such a character as to indicate that he was possessed of authority to administer upon the estate; that is, acts which manifested a right to control and make disposition of the effects of the deceased.

■ RCW 11.48.180 does not limit the liability of a de facto executor. The intermeddler remains liable under the statute which took away the common law rights of creditors to sue and placed the right to bring the action in the personal representative of the deceased. *See Slate v. Henkle,* 45 Ore. 430, 78 P. 325 (1904) and *Rutherford v. Thompson,* 14 Ore. 236, 12 P. 382 (1886). Mrs. Jacobson, as the personal representative of the estate of her mother, is the proper party under RCW 11.48.180 to sue the de facto executor.

■ The difficulty on appeal is that the findings of fact do not indicate the legal theories that the trial court pursued in arriving at its conclusions of law and judgment. We accept as verities the findings of fact of the trial court to

which no error is assigned, CAROA 43; *Coons v. Coons*, 6 Wn. App. 123, 491 P.2d 1333 (1971). *See also State ex rel. Bain v. Clallam County Bd. of County Comm'rs*, 77 Wn.2d 542, 463 P.2d 617 (1970). But this does not resolve the issue.

Where the findings are so incomplete as to deprive appellant of an opportunity to challenge them and where consideration of the legal questions involves speculation as to the legal theories the trial court pursued, it is necessary to set aside the judgment in its entirety and remand the cause with instructions to the trial court to enter or clarify the findings on material issues as set forth in this opinion. Under CR 52, as construed by several decisions of the Supreme Court, it is necessary for the trial court to make ultimate findings of fact concerning *all* of the material issues. *See Bowman v. Webster*, 42 Wn.2d 129, 253 P.2d 934 (1953). *Gnash v. Saari*, 44 Wn.2d 312, 267 P.2d 674 (1954).

*Mayes v. Emery*, 3 Wn. App. 315, 321, 475 P.2d 124 (1970).

The cause is therefore remanded to the trial court for further proceedings consistent with this opinion. Costs shall abide the final determination of the cause.

SWANSON and CALLOW, JJ., concur.