[No. 1814-1.    Division One.    October 15, 1973.]

LOIS W. JACOBSON, *Respondent,* v. GORDON O. LAWRENCE *et al., Appellants.*

*William S. Howard,* for appellants.

*Cartano, Botzer & Chapman* and *Robert A. O'Neill,* for respondent.

WILLIAMS, J.—This action was brought by Lois W. Jacobson, as administratrix with the will annexed of the estate of Bessie A. Lawrence, deceased, to recover damages from Gordon O. Lawrence and Betty Lawrence, his wife,

for a loss to the estate which occurred when an uninsured house which was an asset of the estate was destroyed by fire. The cause was tried to the court without a jury, and resulted in findings of fact, conclusions of law, and judgment which denied the right of recovery. On appeal by the administratrix, the findings were determined to be inconsistent with the conclusions of law and judgment, and the cause was remanded for further proceedings. *Jacobson v. Lawrence*, 6 Wn. App. 954, 497 P.2d 262 (1972). Thereupon, amended findings of fact, conclusions of law and judgment were entered which granted recovery to the administratrix against Gordon O. Lawrence and his marital community. This appeal followed.

The law of the case which was established on the first appeal is stated in the opinion as follows:

> If Mr. Lawrence assumed full control of the property in question *as the de facto executor of the estate* and, while acting in a fiduciary capacity on behalf of the heirs of the estate of Bessie A. Lawrence, knew that there was a risk of loss by fire and failed to obtain fire insurance although it was practicable for him to obtain such insurance, it is inconsistent to conclude that he did not actively interfere with the estate of the deceased.

*Jacobson v. Lawrence, supra* at 957.

On remand, the court did find as above postulated upon, we believe, substantial evidence. There was proof that Mr. Lawrence, who was named executor in the will of Bessie A. Lawrence, retained the will in his possession, paid the funeral expenses and real estate taxes, collected and deposited to his personal account those rents for the property which were paid in the amount of $200, negotiated for a sale of the property, and told the other legatees that he was taking care of the estate. There was also proof that the property could have been insured against loss by fire but that Mr. Lawrence did not do so.

The principal contention which Gordon O. and Betty Lawrence have made both at the trial and on this appeal is pleaded in the affirmative defense of their answer to the complaint. It reads as follows:

That at all material times plaintiff individually and all parties beneficially interested herein were fully aware of all the facts concerning the subject matter of this action and all negligence, if any, is equally attributable to each and every person.

■ The trial court made no finding of fact upon this subject, and it therefore follows that the trial court decided against the affirmative defense. *Puget Sound Marina, Inc. v. Jorgensen,* 3 Wn. App. 476, 475 P.2d 919 (1970).

■ The Lawrences also contend that judgment was erroneously entered against their community because Gordon O. Lawrence acted solely for himself and no benefit could have accrued to the community. We disagree.

A community is liable for the tort of either spouse if the tort is calculated to be, is done for, or results in a benefit to the community or is committed in the prosecution of the community business. *LaFramboise v. Schmidt,* 42 Wn. (2d) 198, 254 P. (2d) 485.

*Kilcup v. McManus,* 64 Wn.2d 771, 781, 394 P.2d 375 (1964).

■ Provision is made for compensation of an executor in RCW 11.48.210, and it can be presumed, unless the contrary affirmatively appears, that he serves with the expectation that he will be paid for his efforts. Although Mr. Lawrence did not procure the probate of the will, he had launched upon the settlement of the estate; and if that had been successfully completed, he would have been entitled to a fee. This fee would have been an asset of the community. RCW 26.16.030.

Judgment affirmed.

SWANSON, C.J., and HOROWITZ, J., concur.